UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                            No. 99-4672

TAUNYA NICOLE RORIE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-367)

Submitted: February 8, 2000

Decided: February 24, 2000

Before MURNAGHAN, MICHAEL, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian M. Aus, Durham, North Carolina, for Appellant. Walter C. Hol-
ton, Jr., United States Attorney, Paul A. Weinman, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Taunya Nicole Rorie was convicted by a jury of bank robbery, see 18 U.S.C.A. § 2113(a) (West Supp. 1999), 18 U.S.C. § 2 (1994), and received a sentence of 108 months imprisonment. Her sentence included an enhancement for use of a firearm pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(B) (1998). Rorie appeals her sentence, alleging that because she was acquitted of a second charge of armed bank robbery, application of the firearm enhancement violated the Double Jeopardy Clause by depriving her of her right to have a jury determine facts that increase the severity of the punishment for the crime. She also contends that the district court was collaterally estopped from making the firearm enhancement by the acquittal, and that there was insufficient evidence to support the enhancement. We affirm.

Legal issues concerning the sentence are reviewed de novo. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Rorie first notes that armed bank robbery is a separate offense from bank robbery and has a greater statutory maximum sentence.* She relies on Jones v. United States, 526 U.S. 227, 232 (1999), for the principle that a jury must find facts that determine the defendant's guilt of a particular offense (and thus his statutory sentence) beyond a reasonable doubt. She argues that, in her case, the district court's application of the firearm enhancement after the jury specifically rejected the element of use of a dangerous weapon violated her Sixth Amendment right to a jury determination on a material issue. However, the judge's finding by a preponderance of the evidence that the firearm was reasonably foreseeable to Rorie did not increase her statutory maximum sentence. Rorie was sentenced within the statutory range for bank robbery, the offense for which the jury had convicted her.

Moreover, the Supreme Court held, in United States v. Watts, 519 U.S. 148, 155 (1997), that a general verdict of not guilty is not a find-

_____

*The statutory maximum sentence for armed bank robbery is 25 years. 18 U.S.C.A. § 2113(d). The statutory maximum sentence for bank robbery is 20 years. 18 U.S.C.A. § 2113(a).

2

ing of fact or a rejection of any fact, but only an acknowledgment that the government failed to prove an essential element beyond a reasonable doubt. The sentencing court's "`consideration of information about the defendant's . . . conduct at sentencing does not result in "punishment" for any offense other than the[offense of conviction],'" Id. (quoting Witte v. United States, 515 U.S. 389, 401 (1995)), but instead means that the sentence reflects "`the fact that the present offense was carried out in a manner that warrants increased punishment.'" Id. (quoting Witte, 515 U.S. at 403). Thus, "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." Id. at 157. Therefore, in Rorie's case, the district court did not violate due process or the Double Jeopardy Clause by considering whether she was accountable under the sentencing guidelines for Williams' use of a firearm during the robbery.

Next, Rorie claims that her acquittal on the armed bank robbery charge precluded relitigation of the issue, and that the district court's application of the firearm enhancement violated the Double Jeopardy Clause. She cites Shiro v. Farley, 510 U.S. 222 (1994), in support of her position. However, Shiro teaches that the sentencing phase of a single prosecution does not violate the Double Jeopardy Clause. See Shiro, 510 U.S. at 230. Rather, the focus of the Clause is protection against a second prosecution for the same offense following either conviction or acquittal and against multiple punishments for one offense. Id. at 229. Thus, the district court did not violate the Double Jeopardy Clause by considering Rorie's relevant conduct when sentencing her for bank robbery.

Last, Rorie argues that the district court clearly erred because there was no evidence that she knew in advance that a gun would be used in the robbery. The district court's factual determination that the firearm was reasonably foreseeable to Rorie is reviewed under the clearly erroneous standard. See Daughtrey, 874 F.2d at 217. For certain crimes where firearms are frequently used, the foreseeability of a firearm's presence may be inferred from the nature of the crime. See United States v. Burton, 126 F.3d 666, 679 (5th Cir. 1997) (bank robbery); United States v. White, 875 F.2d 427, 433 (4th Cir. 1989) (drug conspiracy). Here, the district court found that the use of a firearm

3

was reasonably foreseeable in a bank robbery. This factual finding was not clearly erroneous.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>